# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:20-cv-11773-DPW

EMILY RICHEY-STAVRAND,

    Plaintiff,

    v.

CITY OF GLOUCESTER,

    Defendant

**DEFENDANT CITY OF GLOUCESTER'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

The City of Gloucester (Defendant) submits this Reply in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**INTRODUCTION**

In an attempt to save Counts Two and Four from dismissal, the Plaintiff's opposition argues that cases relied on by the Defendants from the Massachusetts Appeals Court and United State District Court holding that the Massachusetts Civil Rights Act (MCRA) does not apply to municipalities were wrongly decided by the courts. See Howcraft v. City of Peabody, 51 Mass.App.Ct. 573, 591–92 (2001) (holding "there is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions"). The Plaintiff's argument fails as the courts have correctly decided this issue and there is no indication that that the Massachusetts legislature waived sovereign immunity for the purposes of the MCRA.

To save Count Three, the Plaintiff's opposition incorrectly argues that the scope of her employment termination hearing violated her Fourteenth Amendment Due Process rights. The

1

Plaintiff did not have any right to a hearing because she admits that she was a probationary part-time employee (Compl. ¶¶ 29, 68-70). She does not allege that she had an employment contract or anything else that would entitle her to a continued expectation of employment. Therefore, as a matter of law the Plaintiff does not have a right to a pre-termination hearing. Wojcik v. Massachusetts State Lottery Comm'n, 300 F.3d 92, 101 (1st Cir. 2002).

As a result, Counts Two, Three and Four fail to state claims under Rule 12(b)(6) and should be dismissed.

## ARGUMENT

I. **COUNTS TWO AND FOUR - THERE IS NO INDICATION THAT THE LEGISLATURE WAIVED SOVEREIGN IMMUNITY FOR THE PURPOSES OF THE MCRA.**

The Massachusetts Appeals Court's decision holding that a municipality is not a "person" covered by the MCRA was not wrongly decided. Howcraft v. City of Peabody, 51 Mass. App. Ct. 573, 591–92 (2001) ("there is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions"). Municipal liability such as that being sought by the Plaintiff implicates the doctrine of sovereign immunity, which prohibits liability against the Commonwealth and its instrumentalities (e.g., political subdivisions like towns and cities) except where the Commonwealth has consented to a waiver. See Todino v. Town of Wellfleet, 448 Mass. 234, 238 (2007). The rules of construction governing such waivers are "stringent." C&M Const. Co., Inc. v. Com., 396 Mass. 390, 392 (1985). Further, such waivers should be express and clear. See, e.g., Bain v. City of Springfield, 424 Mass. 758, 762-63 (1997) (immunity was expressly waived by statute that specifically included "Commonwealth and all political subdivisions" in the definitions of "person" and "employer").

Even if there was ambiguity in the absence of cities and towns from the definition of "person" in M.G.L. c. 12, § 11H and 11I, which there is not, that ambiguity should be resolved in favor of retaining sovereign immunity for municipalities. See Lane v. Pena, 518 U.S. 187, 192 (1996). Had the Massachusetts Legislature actually intended or sought to waive that immunity, it had a duty to do so with clear language, as it has done in other statutes. See Id.; see also Sheriff of Suffolk County v. Jail Officers and Employees of Suffolk County, 465 Mass. 584, 598 (2013) (absent an "unequivocal" waiver, entities entitled to sovereign immunity cannot be held liable). Lacking that, and "stringently" applying the rules of construction, there can be no finding that sovereign immunity was waived and that the MCRA can be applied against political subdivisions such as towns and cities.

Unlike other statutes that do impose liability on the Commonwealth or its political subdivisions, there is no explicit waiver of sovereign immunity in the MCRA. See M.G.L. c. 258, § 2 (limited waiver of immunity under the Massachusetts Tort Claims Act). "Municipal liability implicates the doctrine of sovereign immunity," which protects the Commonwealth and its municipalities (i.e., the Town Defendants) except in circumstances where there has been explicit statutory waiver of that protection. Todino v. Town of Wellfleet, 448 Mass. 234, 238 (2007) (collecting cases); see also Lane v. Pena, 518 U.S. 187, 192 (1996) ("sovereign immunity must be unequivocally expressed in statutory text").

Had the Massachusetts Legislature wished to impose liability on cities, towns, or political subdivisions, it would have included them in the definition of "person" or specifically identified them in M. G. L. c. 12, § 11H and 11I. It did not. Under longstanding statutory interpretation doctrine, this distinction is presumed to have been intentional. Com. v. Perry, 455 Mass. 1010, 1011 (2009); Beeler v. Downey, 387 Mass. 609, 616 (1982) ("where the Legislature has

3

employed specific language in one paragraph, but not in another, the language should not be implied where it is not present"). As a result, there is no reason to believe that the Massachusetts legislature intended to expose municipalities to claims brought under the MCRA and Counts Two and Four should be dismissed.

## II.     COUNT THREE - PLAINTIFF WAS NOT ENTITLED TO A HEARING.

The Plaintiff's opposition demonstrates that her probationary part-time employment status did not entitle her to a hearing. It appears that the Plaintiff intends to assert a claim that her dismissal was without procedural due process in violation of her Fourteenth Amendment rights. But "[i]n order to mount a successful due process claim stemming from the loss of public employment, an employee must [first] demonstrate that [s]he has a cognizable property interest in [her] continued employment." Bozkurt v. City of Lawrence, No. CV 18-12622-FDS, 2019 WL 1383436, at *5 (D. Mass. Mar. 27, 2019), citing Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018). "In Massachusetts, employment is presumed to be at-will unless there exists an express or implied contract governing its terms and conditions." Day v. Staples, Inc., 555 F.3d 42, 58 (1st Cir. 2009). Because the Plaintiff fails to allege "the existence of an employment contract, the Court must presume that [the Plaintiff] was an at-will employee with "no reasonable expectation of continued public employment." Kando, 880 F.3d at 61. Without a protected property interest, the Section 1983 claim fails to state a claim under Rule 12(b)(6).

Here, the Plaintiff admits that she was a probationary[1] part-time employee working as an administrative assistant in the Defendant's health department (Compl. ¶¶ 29, 68-70). She does not allege that she had an employment contract. Likewise, the Plaintiff does not make any

---

[1] The Plaintiff also alleges that she was hired on February 24, 2020 and terminated on July 16, 2020. Compl. ¶¶ 3, 29, 68.

4

allegations that would give her a constitutionally protected property right in her employment or a reasonable expectation of continued employment, arising out of statute, policy, rule, or contract. Wojcik, 300 F.3d at 101; Concepcion Chaparro v. Ruiz–Hernandez, 607 F.3d 261, 264 (1st Cir.2010). Therefore, the Plaintiff does not have any right to a pre-termination hearing as a matter of law. See Wojcik v. Massachusetts State Lottery Comm'n, 300 F.3d 92, 101-02 (1st Cir. 2002); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 545-46 (1985) (1985) (pretermination hearing need only be "an initial check against mistaken decisions"). As a result, the Plaintiff did not have a right to a hearing and Count Three should be dismissed.

## CONCLUSION

In light of the foregoing, the Defendant City of Gloucester respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint against it in its entirety for failure to state a claim under Rule 12(b)(6).

Respectfully submitted,
The Defendant,
By its attorneys,

/s/ Thomas R. Donohue
Thomas R. Donohue, BBO# 643483
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
tdonohue@bhpklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

/s/ Thomas R. Donohue
Thomas R. Donohue, BBO# 643483

DATED: November 6, 2020